JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR NEW CENTURY ALTERNATIVE MORTGAGE LOAN TRUST 2006-ALT1,<br><br>                    Plaintiff,<br><br>     vs.<br><br>RUBIN KNIGHT; PATRICIA KNIGHT; and Does 1 to 10, Inclusive<br><br>                    Defendant. | CASE NO. CV 13-05053 ABC (SHx)<br><br>ORDER REMANDING CASE TO STATE COURT AND GRANTING IN PART PLAINTIFF'S MOTION FOR SANCTIONS |

On July 19, 2013, Plaintiff Deutsche Bank National Trust Company, as Indenture Trustee for New Century Alternative Mortgage Loan Trust 2006-ALT1, filed a motion to remand and for monetary sanctions against Defendant Patricia Knight in the sum of $6,000.  (Docket No. 7.)  The case was subsequently transferred to this Court.  The Court finds that it need not await Defendants' opposition to resolve this motion.  It further finds this matter appropriate for resolution without oral argument and **VACATES** the August 26, 2013 hearing date.  See Fed. R. Civ. P. 78; Local Rule 7-15. Having reviewed the motion and record in this and the six previous unlawful detainer actions that *pro se* Defendants Rubin and Patricia Knight have removed (all of which have been remanded), the Court **GRANTS** Plaintiff's motion to remand and **GRANTS IN PART** Plaintiff's motion for monetary sanctions in the amount of $1,000.

On June 4, 2012, Plaintiff filed the instant unlawful detainer action against *pro se* Defendants in Los Angeles Superior Court. LASC Case No. 12C01581. Defendants proceeded to remove this action six separate times, all of which have resulted in a remand to state court:

- **Case No. 2:12-cv-08818-ABC-SH**: Remanded on 11/13/2012. (Dkt. No. 8.)
- **Case No. 2:13-cv-00217-ABC-SH**: Remanded on 2/8/2013 with a further order that "Defendant PATRICIA KNIGHT may not file any additional Notice of Removal" in this matter. (Dkt. No. 10.)
- **Case No. 2:13-cv-01713-PA-VBK**: Remanded on 3/14/2013. (Dkt. No. 7.)
- **Case No. 2:13-cv-02470-JFW-SH**: Remanded on 4/11/2013. (Dkt. No. 6.)
- **Case No. 2:13-cv-03218-CAS-PJW**: Remanded on 6/11/2013, stating "Defendant is admonished that any attempt to remove this action again may result in an award of attorney's fees against defendant as well as other monetary and/or terminating sanctions." (Dkt. No. 8.)
- **Case No. 2:13-cv-03597-GHK-JEM**: Remanded on 7/9/2013 (Dkt. No. 5.)

As with her previous six attempts, Defendant Patricia Knight's latest attempt to remove this unlawful detainer action fails. At the outset, the removal is untimely because it was done more than 30 days after Defendants were served.

Moreover, as a routine unlawful detainer action, Plaintiff could not have brought this action in federal court initially because the complaint does not competently allege facts creating subject matter jurisdiction, rendering removal improper. 28 U.S.C. §1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005).

First, the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). The Complaint clearly states that the damages sought by Plaintiff do not exceed $10,000 (Compl. at 1) and that

- 2 -

1  Plaintiff expressly waives all damages in excess of the Superior Court's jurisdictional
2  limit. (Id. at 3.) Defendants' apparent assertion that an action commenced by Ms.
3  Knight against Plaintiff in which she seeks $300,000 (Los Angeles Superior Court Case
4  No. 13-CF-0521) satisfies the amount in controversy requirement is incorrect because
5  only the allegations in the complaint are assessed in determining the amount in
6  controversy. Deutsche Bank Nat'l Trust Co. V. Galindo, No. ED CV 10-01893-RGK
7  (DTBx), 2011 WL 662324, at *2 (C.D. Cal. Feb. 11, 2011).

8       Second, Plaintiff alleges only a single unlawful detainer claim, which does not
9  give rise to a federal question. *See* 28 U.S.C. §§ 1331, 1441(b). Defendants references
10 to numerous U.S.C. sections in the Notice of Removal are irrelevant under the well-
11 pleaded complaint rule. (NOR at 4.)

12      Plaintiff requests sanctions in the amount of $6,000 for Defendants' repeated
13 improper removals pursuant to 28 U.S.C. § 1447(c). That section states, "An order
14 remanding the case may require payment of just costs and any actual expenses,
15 including attorney fees, incurred as a result of the removal." The Court finds that
16 sanctions are appropriate in this case for Defendant Patricia Knight's repeated
17 violations of this Court's February 8, 2013 Order prohibiting her from filing additional
18 notices of removal and that Ms. Knight was given ample warning in Judge Snyder's
19 June 11, 2013 Order that such sanctions could be imposed should she continue in her
20 attempts to remove this action. The fact that Ms. Knight is not represented by counsel
21 does not relieve her from complying with Court Orders or applicable federal rules. See
22 Local Rule 83-2.2.3. Sanctions are necessary to prevent further abuse of the removal
23 procedure by Ms. Knight.

24      In determining the amount of sanctions, the Court has reviewed the Declaration
25 of Michael L. Withem in support of Plaintiff's motion to remand, which approximates a
26 "sum of not less than $1,000.00" per motion for having to prepare and file each of the
27 motions to remand. (Withem Decl. ¶¶ 21-22.) The Withem Declaration does not,
28 however, take into account the fact that later motions to remand should have taken less

1  time given that they were substantially similar to previous motions.[1]  As such, the Court
2  will **GRANT** Plaintiff's request for sanctions, but only in the amount of $1,000, which
3  the Court finds is a reasonable amount for the drafting and filing of these substantially
4  similar motions.

5   Accordingly, the Court (1) **REMANDS** this case to the Superior Court of
6  California, Los Angeles County, for lack of subject matter jurisdiction pursuant to 28
7  U.S.C. § 1447(c); (2) **VACATES** the August 26, 2013 hearing date; (3) **ORDERS** the
8  Clerk to send a certified copy of this Order to the state court; and (4) **ORDERS** the
9  Clerk to serve copies of this Order on the parties.

10   **IT IS FURTHER ORDERED** that Defendant Patricia Knight may not file any
11  additional Notice of Removal in the matter of Deutsche Bank National Trust Company,
12  as Indenture Trustee for New Century Alternative Mortgage Loan Trust 2006-ALT1,
13  Los Angeles Superior Court Case No. 12C01581.

14   **IT IS FURTHER ORDERED** that Defendant Patricia Knight shall pay
15  monetary sanctions in a sum of not less than $1,000.00 to Defendant Deutsche Bank
16  National Trust Company, as Indenture Trustee for New Century Alternative Mortgage
17  Loan Trust 2006-ALT1.

18   **IT IS SO ORDERED.**

20  DATED: July 31, 2013
    AUDREY B. COLLINS
21  UNITED STATES DISTRICT JUDGE

---

27  [1] Indeed, the present motion states it is the "FIFTH REMOVAL" when, in fact, it appears this is Defendants' seventh removal.  (Mot. at 2:23.)  That reference is likely a vestige of a previous version of
28  the motion.